IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRADLEY VIGNERY,

       Plaintiff,

v.                                                                     Case No. 08-4144-SAC

ED BOZARTH CHEVROLET, INC.,
and JAMES FAGER,

       Defendants.

MEMORANDUM AND ORDER

This case comes before the court on the plaintiff's motion to remand the case to state court. The case was removed on the basis of federal question jurisdiction, and no diversity jurisdiction is asserted.

Plaintiff's state court petition asserts a workers' compensation retaliation claim, two ADEA claims, an ADA claim, three FMLA claims, a negligent retention claim, a negligent infliction of emotional distress claim, an intentional infliction of emotional distress claim, and a tortious interference with contractual relationship claim. *See* Dk. 1, Att. 1. The petition fails to specify which claims are asserted against which defendant. Plaintiff contends that his retaliatory termination claim arises under a workers' compensation law and thus cannot be removed. Plaintiff

additionally asserts that he has brought only state law claims against defendant Fager and that therefore the entire case must be remanded. Defendants assert that plaintiff's wrongful termination claim is properly removed, and that the court has supplemental jurisdiction over all of plaintiff's claims and parties.

Removal of a case from state court to the federal courts is governed by 28 U.S.C. § 1441(a), which provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Remand is governed by 28 U.S.C. § 1447(c), which provides, in relevant part:

> A motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter

jurisdiction, the case shall be remanded.

*See Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).

The burden is on the party opposing a motion to remand to show jurisdiction by a preponderance of the evidence. *Karnes v. Boeing Co.,* 335 F.3d 1189, 1194 (10th Cir. 2003), *citing U.S. ex rel. Hafter D.O.v. Spectrum Emergency Care, Inc .,*190 F.3d at 1160 (10th Cir.1999).
"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Spectrum Emergency Care*, 190 F.3d at 1160.

**Workers' compensation**

The petition alleges that the defendant fired the plaintiff in retaliation for his filing of a workers compensation claim. Plaintiff believes that this claim arises under the workmen's compensation laws and thus may not be removed to federal court. Plaintiff relies upon 28 U.S.C. § 1445 (c), which provides: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Defendants counter that plaintiff's claim does not "arise under" Kansas' workers' compensation laws, but rather arises under tort law based upon the public policy of the State of Kansas.

Whether a claim arises under a state's workers' compensation law is a question of federal law. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705 (1972). "There is no question that "arising under" means "stemming from" or "originating in." *See* Black's Law Dictionary 102 (7th ed.1999)." *Harris v. Allstate Ins. Co.,* 300 F.3d 1183, 1190 (10th Cir. 2002).

> A case 'arises under' federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, --- U.S. ----, 126 S.Ct. 2121, 2131, 165 L.Ed.2d 131 (2006) (alteration, quotations omitted).

*1mage Software, Inc. v. Reynolds and Reynolds* Co., 459 F.3d 1044, 1049 (10th Cir. 2006).

Federal courts have not determined whether a claim for workers' compensation retaliation arises under the Kansas Workers' Compensation Act within the meaning of 28 U.S.C. § 1445 (c). In *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir.1997), the Tenth Circuit held that a retaliatory discharge claim arose under the worker's compensation laws of

Oklahoma, and had been wrongfully removed. The court relied, however, upon a specific provision in the Oklahoma Worker's Compensation Act, which provided:

> No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of [this title], or has testified or is about to testify in any such proceeding.

Okla.Title 58, § 5. The Tenth Circuit held that where a worker's compensation statute creates a right of action for retaliatory discharge, an action brought to enforce that right is properly deemed to "arise under" those laws, stating:

> Under the plain meaning of the [removal] statute, where a state legislature enacts a provision within its workers compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be

non-removable, subject only to the complete preemption doctrine. *Suder*, 116 F.3d at 1352 , quoting *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir.1995). *See Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000) (finding an action under an Alabama statute barring retaliation for filing workers' compensation claims precluded by § 1445 (c));

No comparable statute exists in Kansas. Rather, the cause of action for retaliatory discharge in Kansas is non-statutory. *See Murphy v. City of Topeka-Shawnee County Dept. of Labor Services*, 6 Kan.App.2d 488, 496, 630 P.2d 186, 192 (Kan.App. 1981). The cause of action stated in the plaintiff's petition is thus not statutorily created. Neither wrongful nor retaliatory termination is codified in the Kansas Workers' Compensation Act, and that Act does not purport to create a civil remedy for retaliatory discharge. Instead, the tort of retaliatory discharge for terminating an injured employee for having filed a workers compensation claim is a creature of common law, born of Kansas' public policy. *See Proctor v. United Parcel Service*, 502 F.3d 1200, 1214 (10th Cir. 2007); *Coleman v. Safeway Stores, Inc.*, 242 Kan. 804, 752 P.2d 645, 648-49 (1988) (emphasizing "the tort nature of the employee's cause of action" and "the strong public policy of Kansas underlying the Workers' Compensation Act"),

*disapproved of on other grounds by Gonzalez-Centeno v. N. Cent. Kan. Reg'l Juvenile Det. Facility*, 278 Kan. 427, 101 P.3d 1170, 1175 (2004); *Murphy v. City of Topeka-Shawnee County Dept. of Labor Services*, 6 Kan.App.2d 488, 496, 630 P.2d 186, 192 (Kan.App. 1981) (adopting new tort of retaliatory discharge based on public policy considerations).

Plaintiff believes that removal is improper regardless of whether the law of retaliatory discharge has its genesis in a statutory scheme or in the general tort law of the state. Plaintiff relies upon a dissent in *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 732 (7th Cir.1994) (proposing that an action arises under a State workers' compensation law where that law creates the cause of action or where the right to relief necessarily depends on a substantial, disputed question under the law), *cert. denied*, 513 U.S. 955 (1994). The court prefers to rely upon the approach taken by the Tenth Circuit in analogous cases.

The Tenth Circuit recently addressed a similar jurisdictional problem by adopting a test from the Second Circuit which focuses on how the face of the complaint implicates the relevant act. There, the court interpreted 28 U.S.C.A. § 1338(a), which vests the court with original jurisdiction of any civil action "arising under" any Act of Congress relating to patents, plant

variety protection, copyrights and trademarks.

> "the analysis ... turns on what is alleged on the face of the complaint." *Id.* at 349. Applying that test, "a suit 'arises under' the Copyright Act if: (1) The complaint is for a remedy expressly granted by the Act, *e.g.*, a suit for infringement ...; or, (2) The complaint asserts a claim requiring construction of the Act." FN8 *Id.* at 349 (quotations, alterations omitted); *see also id.* at 355. This test "is essentially a reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *Scholastic Entm't, Inc.*, 336 F.3d at 986.

*1mage Software, Inc.*, 459 F.3d at 1050 -1051. *Accord Ausherman v. Stump*, 643 F.2d 715 (10th Cir.1981) (holding that federal courts did not have jurisdiction under 28 U.S.C. § 1338(a) over a suit "brought on a contract" involving patents). Thus not every complaint that refers to the Copyright Act 'arises under' that law. *1mage Software, Inc.*, 59 F.3d at 1049. *See also* 13B Charles Alan Wright, et al., Federal Practice & Procedure § 3582 ("A suit on a contract does not 'arise under' the copyright laws even though a copyright may have been the subject matter of the contract.)

Similarly, not every complaint that refers to the Kansas Workers' Compensation Act "arises under" that Act. Plaintiff's petition does not seek a remedy expressly granted by the Workers' Compensation Act, which establishes a system of no-fault compensation for injuries. Nor does plaintiff's petition assert a claim requiring construction of the Act. "A claim of retaliatory discharge may be adjudicated without any inquiry into the meaning of the workers' compensation laws; the question for decision usually is the employer's motive for adverse action rather than the entitlement to compensation for injury on the job." *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir.1994). Plaintiff may prove each element of his retaliatory discharge claim, if proof there be, without needing to invoke any provision of the Kansas Workers' Compensation Act, and the court need not interpret it. *See Rebarchek v. Farmers Co-op. Elevator & Mercantile Ass'n*, 272 Kan. 546, 554 (2001) (stating prima facie case elements of this claim as: (1) The plaintiff filed a claim for workers compensation benefits or sustained an injury for which he or she might assert a future claim for such benefits; (2) the employer had knowledge of the plaintiff's workers compensation claim injury; (3) the employer terminated the plaintiff's employment; and (4) a causal connection existed

between the protected activity or injury and the termination.)

"That workers' compensation law is a premise of the tort does not mean that the tort "arises under" the workers' compensation laws." *Spearman*,16 F.3d at 725. "The Act is present only indirectly as evidence of public policy. 14C Charles Alan Wright, et al., Federal Practice and Procedure Jurisdiction § 3729 (2d ed.1998)." *Rubio v. McAnally Enterprises, L.L.C.* 374 F.Supp.2d 1052, 1054 (D.N.M. 2005) (finding claim of retaliatory discharge did not arise under the New Mexico Workers' Compensation Act; distinguishing cases from Oklahoma, Texas and Missouri which have statutorily created a private cause of action.) Kansas cases do not support the proposition that this claim arises under a workers' compensation law. Instead, this action "clearly sounds in tort." *Murphy*, 6 Kan.App.2d 488. The court therefore finds that plaintiff's tort claim for retaliatory discharge is not one "arising under" the workers' compensation laws of Kansas within the meaning of that term in 28 U.S.C. § 1445 (c). This section thus does not compel remand.

**Federal question**

Plaintiff next asserts that this court lacks jurisdiction over defendant Fager because no federal claims are asserted against him.

Counsel asserts in his brief that the retaliation, ADEA, ADA, FMLA, and negligent retention counts are brought solely Against Ed Bozarth Chevrolet, Inc., and that the remaining counts, all of which are state law claims, are brought solely against defendant Fager.

Initially, the court notes that the plaintiff's petition is improperly unspecific as to which counts are alleged against which defendants. Where multiple defendants are named in a petition, each count should specify the defendant(s) against whom that count is alleged. "With respect to multiple defendants, courts require, for the sake of clarity, that plaintiffs specify which claims are asserted against which defendants. *See Miller v. Indiana Hosp.*, 562 F.Supp. 1259, 1270-72 (W.D.Pa.1983)." *Boyer v. LeHigh Valley Hosp. Center, Inc.*, 1990 WL 94038, 7 (E.D.Pa.1990). Without knowing which counts are alleged against it, a party cannot reasonably be required to respond on the merits, warranting a motion for a more definite statement. *See* Fed.R.Civ.P. 12(e). This failing of the pleading is not cured by assertions of counsel in a brief, because the court's duty is to determine jurisdiction based upon the face of the complaint. *See generally 1mage Software, Inc.,* 459 F.3d at 1051. Because the face of this petition impliedly asserts all claims against all parties, this court has original federal question

jurisdiction over defendant Fager.

But even if the court accepts counsel's representations as to which defendants are sued in which counts, the court finds no merit in the motion to remand. "Plaintiff believes that for the Federal District Court to have Jurisdiction in this case, jurisdiction must exist over the claims against all defendants as with jurisdiction on the bases (sic) of diversity of citizenship." Dk. 6, p. 6. Plaintiff contends that this court lacks jurisdiction to hear any part of a removed action when it would not have original jurisdiction over every claim or party. *See Archuleta v. Lacuesta*, 131 F.3d 1359, 1362 (10th Cir.1997). That argument has been rejected by the Supreme Court. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392, 118 S.Ct. 2047, 2054 (1998) (holding that a State's proper assertion of an Eleventh Amendment bar after removal does not destroy removal jurisdiction over the remaining claims in the case).

Plaintiff's argument fails to recognize that federal law expressly permits this court, where jurisdiction exists due to a federal question, to determine all separate issues or to remand state law matters. *See* 28 U.S.C. § 1441 (c) (when a separate and independent claim within the jurisdiction conferred by section 1331 is joined with "otherwise

non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates." ) *See e.g., Westinghouse Credit Corp. v. Thompson,* 987 F.2d 682, 685 (10th Cir.1993) (finding district court has authority to retain RICO claims and remand state law claims). District courts have supplemental jurisdiction over state law claims that are part of the "same case or controversy" as federal claims. 28 U.S.C. § 1367(a). Based upon the facts stated in the petition, the court finds that the state law claims pleaded therein are part of the same case or controversy as the ADA, ADEA, FMLA claims. Thus supplemental jurisdiction exists over plaintiff's state law claims and the parties to them.

The exercise of supplemental jurisdiction is discretionary, *see* 28 U.S.C. § 1367 (c), but is clearly proper here. Plaintiff's claims do not raise novel issues of state law, nor do state law claims predominate in this case. This is not a situation in which plaintiffs' federal claims are separate and independent from the state law claims, making discretionary remand of the state law claims proper under 28 U.S.C. § 1441(c).[1] In short, defendants

---

[1] 28 U.S.C.A. § 1441 (c) states: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by

13

have met their burden to show jurisdiction by a preponderance of the evidence.

IT IS THEREFORE ORDERED that the plaintiff's motion to remand (Dk. 5) is denied.

Dated this 10th day of March, 2009.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."