IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRADLEY E. VIGNERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-4144-SAC |
| ) | |
| ED BOZARTH CHEVROLET, INC. and ) | |
| JAMES FAGER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

This matter comes before the court upon Defendants' Joint Motion to Amend Answers (Doc. 17). In response, plaintiff filed Plaintiff's Response to Defendants' Joint Motion to Amend Answer (Doc. 23), to which defendants have replied (Doc. 26). Therefore, the issues are now joined and ready for disposition.

**I.   Relevant Factual Background**

Bradley Vignery is a former employee of Ed Bozarth Chevrolet, Inc and a former co-worker of defendant Fager. Plaintiff filed his Petition on October 31, 2008, in the District Court of Shawnee County, Kansas. Plaintiff alleged in his petition workers' compensation retaliation (Count I) and violations of Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 621 *et seq.* (Count II); the American With Disabilities Act, 42 U.S.C. § 12101 *et seq.* (Count III); and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq* (Counts IV, V and VI (labeled as Count III, IV and V)). Plaintiff also alleged that defendant negligently hired and retained defendant Fager, intentionally/negligently inflicted emotional distress and tortiously interfered with contractual

1

relationships. Defendant removed the action to this court on November 26, 2008, based upon the presentation of a federal question. Defendants filed their original Answers on December 2, 2008.

Defendants filed the instant motion on February 12, 2009 seeking to amend their respective answers to assert the affirmative defense of the expiration of the statute of limitations.

## II.    Parties' Contentions

Defendants contend they have a good faith basis for requesting amendments of their original answers. They state that additional factual investigations have lead to the discovery of a statute of limitations defense regarding plaintiff's claims for negligent hiring and retention of defendant Fager, intentional/negligent infliction of emotional distress and tortious interference with contractual relationships. Defendant argues that all of the alleged facts giving rise to these causes of action had to occur before October 3, 2006, the date upon which plaintiff Vignery last worked until he returned on November 3, 2006 and was told that his services were no longer needed. Plaintiff's petition was filed on October 31, 2008. As all three claims have a two year applicable statute of limitations, defendants claim they are therefore time barred.

Moreover, defendants state that discovery is in its early stages, and as defendants filed their Motion to Amend timely under the Scheduling Order, plaintiff will not be prejudiced.

Plaintiff counters that defendants should have known of the purported newly discovered facts before they filed their original answers. Plaintiff also states that defendants' motion is devoid of facts, details and authorities, leaving plaintiff unable to properly respond to defendants' request.

## III.   Discussion

Fed. R. Civ. P. 15 controls the procedure for amending pleadings.  Because 20 days have passed since defendants filed their Answer, defendants now "may amend ... only by leave of court or written consent of the adverse part[ies]; and leave shall be freely given where justice so requires."[1] Plaintiff Vignery has filed a response in opposition to defendants' motion (Doc. 23) to which defendants have replied (Doc. 26). Thus, consent is not an issue.  It, therefore, falls to the court to determine if leave to amend should be granted under the circumstances presented.

The decision to grant leave to amend lies within the discretion of the trial court.[2] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment.[3]

After careful review of the briefing, and considering that leave to amend shall be freely given, the court finds that defendants' motion should be granted.  Defendants filed their Motion to Amend within the deadline established in the Scheduling Order.  Therefore, the timely motion will not prejudice plaintiff as it was filed in the early stages of discovery.  In fact, the court notes that discovery remains open in this case until June 26, 2009.  This will give both parties ample opportunity to seek factual information regarding all claims and any applicable statute of limitations. The court also fails to find bad faith on the part of defendants.  They requested to amend their respective answers early in the case and have set forth an adequate justification to comply with Rule 15.  Finally, the court fails to find that the amendments are futile.

Accordingly,

---

[1] Fed. R. Civ. P. 15(a).

[2] *Stewart v. Brd. of Comm'rs for Shawnee County, Kan.*, 216 F.R.D. 662, 664 (D. Kan. 2003).

[3] *Id.*

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Amend Answers (Doc. 17) is hereby granted.

**IT IS FURTHER ORDERED THAT** counsel for defendants shall file and serve their amended answers within 7 days of entry of this order, on or before April 16, 2009.

**IT IS SO ORDERED**.

Dated this 9th day of April, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
